**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF OKLAHOMA**

| | |
|---|---|
| JENNIFER HAYES and JUSTIN HAYES, Individually and as Next Friends of K.H., a Minor, ) ) ) ) Plaintiffs, ) ) vs. ) ) SMITHKLINE BEECHAM ) CORPORATION d/b/a ) GLAXOSMITHKLINE, ) ) Defendant. ) ) | Case No. 07-cv-682-CVE-TLW |

## OPINION AND ORDER

Before the Court is plaintiffs' Motion for Leave to Serve the Supplemental Expert Report of Luca Vricella, M.D. (Dkt. # 446). Defendant filed a response in objection to the motion, and plaintiff filed a reply. (Dkt. # # 465, 469). Plaintiffs' motion is granted in part and denied in part as set forth below.

Dr. Vricella's initial report was provided to defendant on March 5, 2009. The report contains five sections, which can be summarized as follows:

1. Dr. Vricella's credentials;
2. The scope of his assignment, which included:
    a. Explaining the timing and development of the human heart and of the ventricular outflow tract;
    b. providing an analysis of and to rule out other known causes of K.H.'s congenital heart abnormalities based upon the available medical records;
    c. providing an opinion as to whether exposure to paroxetine in the first trimester of pregnancy was a proximate cause of K.H.'s congenital heart abnormalities;
    d. detailing the nature of K.H.'s congenital heart abnormalities and the treatment rendered to him; and

      e. offering an opinion regarding his prognosis, the likelihood of future surgical or percutaneous intervention and quality of life as they apply to K.H.

3. A brief summary of the developmental process of the human heart and the ventricular outflow tract;

4. Dr. Vricella's opinion regarding the causes of congenital malformations;

5. Plaintiff Jennifer Hayes' exposure to paroxetine during her pregnancy with K.H.;

6. A summary of evidence that Dr. Vricella believes links paroxetine to the development of fetal malformations;

7. Dr. Vricella's opinion that the cause of the maldevelopment of K.H.'s heart is paroxetine; and

8. Dr. Vricella's prognosis and conclusions.

(Dkt. # 446-2).

On March 16, 2009, eleven days after receiving Dr. Vricella's report, Defendant provided its expert reports to plaintiffs. Thirty-four days later, on April 19, 2009, Dr. Vricella completed a "supplement to [his] previous report. . .." (Dkt. # 446-7). The supplemental report was provided to defendant on the day of Dr. Vricella's deposition and is generally within the scope of his initial report, although its focus is to respond to defendant's experts' opinions about Dr. Vricella's initial report. Id. Four months after completing his supplemental report, on August 21, 2009, Dr. Vricella issued another supplemental report that expands on, but largely tracts, the initial supplement.

The Federal Rules of Civil Procedure require an expert witness to prepare a report "containing a complete statement of all opinions to be expressed." Fed. R. Civ. P. 26(a)(2)(B). A party's failure to do so results in the exclusion of any opinions not properly disclosed, unless the party's failure is harmless or substantially justified. See Fed. R. Civ. P. 37(c)(1); Keach v. United States Trust Co., 419 F.3d 626, 641 (7th Cir.2005). In this regard, "a supplemental expert report that states additional opinions or rationales or seeks to 'strengthen' or 'deepen' opinions

expressed in the original expert report exceeds the bounds of permissible supplementation and is subject to exclusion under Rule 37(c)." Cook v. Rockwell Corp., 580 F.Supp.2d 1071, 1170 (D. Colo. 2006). "To rule otherwise would create a system where preliminary [expert] reports could be followed by supplementary reports and there would be no finality to expert reports, as each side, in order to buttress its case or position, could 'supplement' existing reports and modify opinions previously given." Id. (citing Beller v. United States, 221 F.R.D. 689, 695 (D.N.M. 2003)). "This result would be the antithesis of the full expert disclosure requirements stated in Rule 26(a)." Id. In addition, permitting late supplementation of expert reports may have the effect of denying the opposing party the opportunity to file a meaningful Daubert motion as to questionable expert testimony. See Miller ex rel. S.M. v. Bd. of Educ. of Albuquerque Public Schools, 455 F.Supp.2d 1286, 1299 (D.N.M.2006).

"The determination of whether a Rule 26(a) violation is justified or harmless is entrusted to the broad discretion of the district court." Woodworker's Supply, Inc. v. Principal Mut. Life Ins. Co., 170 F.3d 985, 993 (10th Cir. 1999) (quoting Mid-America Tablewares, Inc. v. Mogi Trading Co., 100 F.3d 1353, 1363 (7th Cir.1996)). Moreover, the district court is not required to "make explicit findings concerning the existence of a substantial justification or the harmlessness of a failure to disclose." Id. (citing United States v. $9,041,598.68, 163 F.3d 238, 252 (5th Cir. 1998). Nonetheless, the court should be guided by the following factors:  (1) the prejudice or surprise to the party against whom the testimony is offered; (2) the ability of the party to cure the prejudice; (3) the extent to which introducing such testimony would disrupt the trial; and (4) the moving party's bad faith or willfulness. Id.

Dr. Vricella's initial supplemental report is generally limited to rebuttal of defendant's experts' reports and remains within the scope of his original expert report. However, the initial

supplemental report was not provided to defendant until the day of Dr. Vricella's deposition. This timing evidences, although it does not establish, some bad faith on the part of plaintiffs, particularly since there is no indication in the record that plaintiffs informed defendant that such a report was being prepared. Nonetheless, the production of Dr. Vricella's supplemental report at his deposition did allow defendant to question Dr. Vricella regarding his supplemental opinions. In addition, any prejudice to defendant as a result of receiving the first supplemental report on the day of Dr. Vricella's deposition can be cured by a short follow-up deposition and brief supplemental reports by defendant's experts. The second supplemental report, on the other hand, was served more than four months after the initial supplemental report and more than five months after receipt of defendant's expert reports. In light of the fact that defendant had only sixteen days (from receipt of plaintiffs' reports) to issue its expert reports, the lengthy delay in providing the second supplemental report to defendant is simply too long. Further, allowing the second supplemental report would create and encourage the very problem addressed by the courts in <u>Cook</u> and <u>Miller</u>.

Based on the foregoing, and after weighing the four factors in <u>Woodworkers' Supply</u> and considering the admonitions of <u>Cook</u> and <u>Miller</u>, the Court grants plaintiffs' Motion to Supplement as to the April 19, 2009 supplemental report of Dr. Vricella and denies the motion as to the August 21, 2009 report of Dr. Vricella.

SO ORDERED THIS 2nd day of November, 2009.

_____
T. Lane Wilson
United States Magistrate Judge